EDWARD KORFANTA, Plaintiff, *v.* VANDERBILT AVENUE REALTY COMPANY and PATERNO CONSTRUCTION COMPANY, Defendants.

First Department, November 12, 1920.

Negligence — suit by employee of subcontractor who fell down unguarded elevator shaft to recover from general contractor — erroneous charge as to application of Labor Law — contributory negligence.

Where in an action brought by the employee of a subcontractor against a general contractor engaged in the construction of a building to recover for personal injuries caused by a fall down an unguarded elevator shaft there was a question of fact as to whether the defendant had furnished a proper guard or barrier for the shaft, and it appeared that the building was substantially completed and that the elevator had been entirely completed and the doors had been put in place by the defendant after which, at the request of the owner, a change was made to increase the headroom of the doorway which change had been finished when the plaintiff fell down the shaft, it was error for the court to charge in substance that if

the defendant failed to provide such a barrier as the Labor Law required there was a lack of reasonable care which was evidence of negligence on the part of the defendant. This because there was no work going on about the unguarded elevator opening that would make the definite requirements of the Labor Law applicable.

Evidence examined, and *held*, that the contributory negligence of the plaintiff was properly submitted to the jury.

DOWLING, J., dissents.

MOTION by the defendant, Paterno Construction Company, for a new trial, upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the verdict of a jury in favor of the plaintiff and against the defendant Paterno Construction Company for $10,000 rendered after a trial at the Bronx Trial Term in February, 1920.

The order herein was granted on the 18th day of May, 1920, and entered in the office of the clerk of the county of Bronx. The complaint was dismissed as to the Vanderbilt Avenue Realty Company by direction of the court at the close of the case.

*Edgar J. Treacy* of counsel [*Alfred E. Holmes*, attorney], for the motion.

*G. Everett Hunt* of counsel [*William P. McCool*, attorney], opposed.

SMITH, J.:

The Vanderbilt Avenue Realty Company was constructing an apartment house at 44 East Forty-eighth street in the borough of Manhattan. The defendant Paterno Construction Company had the general contract. Adam Happel, Inc., had a subcontract for the iron work in the building and the plaintiff was in its employ. The Happel Company at first constructed the freight elevator with too low a headway and they subsequently changed the headway from six to nine feet. It was in the progress of this work that plaintiff received his injuries. The building had been substantially completed when this work was done and the elevator in question was being used to carry furniture down from the main floor of the building. There were some tenants in the building and the elevator had been used and was being used to carry furniture for them at the time of the accident. The plaintiff

with another workman had been at work some two days before the accident, in taking out the door jambs or " bucks " and putting in longer ones. They had used two horses about four feet high with some planks across from one to the other, and when they completed the work on that day they removed the horses and planks and did not use them again except that they used one of the horses on the day of the accident to stand on to plumb the door jambs when requested by the superintendent of the Paterno Company. After the plaintiff and his coworker had finished the work of plumbing the door jambs and about ten minutes before the accident they removed the horse to the end of the hallway. They then proceeded to get their lunch and as the plaintiff was to go outside the building for that purpose he passed down the hallway and opposite the open elevator doorway met a colored man carrying a trunk on his back. The trunk slipped from the colored man's back and striking the wall pushed the colored man against the plaintiff who fell down the unguarded elevator shaft.

There was some evidence that the defendant had furnished a railing guard, *i. e.*, two uprights with a cross board three or four feet from the floor to guard this elevator opening. The plaintiff and his witness testified there was no such barrier or guard.

The trial judge charged the jury: " The Labor Law provides that shafts and openings on each floor of a building or elevator shall be enclosed on all sides by a barrier at least eight feet in height, while such work is in progress as was in progress upon this building, and if you find that there was a failure to provide such a barrier and that there was lack of reasonable care in such failure, that would be evidence of negligence on the part of the defendant." At the end of the charge and on the request of the plaintiff's counsel the court read the Labor Law section referred to and the defendant's counsel excepted to the charge concerning the Labor Law as having any application to the building in question. The building was substantially completed. The elevator in question had been entirely completed and the doors had been put in place when the owner wanted the change made to increase the head room of the doorway. There was apparently no work going on about the unguarded

First Department, November, 1920.          [Vol. 193.

elevator opening that would make the Labor Law with its definite requirements applicable. (See Labor Law, § 20, as amd. by Laws of 1913, chap. 492. Since amd. by Laws of 1919, chap. 545.)

This charge was error, and it becomes. more important in view of the very narrow limits the trial judge gave to the duty of the defendant when he charged " was this defendant negligent in failing to put a guard across this opening between the time when the plaintiff left it and the time when he fell? " The jury might very well ' have found under this combination of charges that the defendant had provided the guards required by the Labor Law, but that it had not put the barrier there within the ten minutes before the plaintiff fell in the shaft. It would be error to submit to the jury whether it was negligence for the defendant to fail to replace, in so short a time as ten minutes, proper barriers which it had provided, particularly when it had no notice that the plaintiff had left the place in question unguarded. From the charge as made, this is what the jury was permitted to do, and for this error the exceptions are sustained and a new trial ordered, with costs to the defendant to abide the event. We deem that the question of contributory negligence was properly submitted to the jury.

CLARKE, P. J., PAGE and GREENBAUM, JJ., concur; DOWLING, J., dissents.

Exceptions sustained and new trial ordered, with costs to defendant to abide event.